**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ABIODUN AREMU BALOGUN,

              Petitioner,

vs.                           Case No.    3:05-cv-812-J-32MCR
                                                     3:04-cr-92-J-32MCR

UNITED STATES OF AMERICA,

              Respondent.

---

**ORDER**[1]

This case is before the Court on petitioner Abiodun Aremu Balogun's pro se

Motion to Vacate, Correct, or Modify Sentence Pursuant to 28 U.S.C. § 2255 (Doc.

1) and the United States' Motion to Dismiss Balogun's Unsworn Motion to Vacate, Set

Aside, or Correct Sentence Pursuant to § 2255 (Doc. 5).

On June 8, 2004, Balogun pled guilty to Count One of the Indictment, which

charged a fraudulent credit card scheme pursuant to the wire fraud statute, 18 U.S.C.

§ 1343.  (Crim. Docs. 26 & 29).[2]  Balogun's guilty plea was entered pursuant to a

written plea agreement he signed on June 3, 2004.  (Crim. Doc. 26).  The plea

---

[1]    Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically.  However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2]    Citations to Balogun's criminal case file, 3:04-cr-92-J-32MCR, are denoted as "Crim. Doc. ___."  Citations to Balogun's civil § 2255 case file, 3:05-cv-812-J-32MCR, are denoted as "Doc. ___."

agreement contains a waiver of appeal provision that provides, in relevant part:

> The defendant understands and acknowledges that defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. . . .  [T]he defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, <u>directly or collaterally</u>, on any ground, . . . except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, . . . the defendant is released from this waiver and may appeal the sentence . . . .

(<u>Id.</u> at 10) (emphasis added).  On September 8, 2004, the undersigned sentenced Balogun to 33 months' imprisonment.[3]  (Crim. Doc. 44).  No direct appeal was filed.

Balogun filed the instant § 2255 petition on August 26, 2005.  (Doc. 1). Balogun's petition argues, *inter alia*, that:  (1) the Court was without jurisdiction to sentence him because it used "a[n] unconstitutional mandatory sentencing scheme in violation of Article III of the United States Constitution;" (2) the Court improperly used prior convictions to enhance the base offense level without the government

---

[3]  Balogun's criminal history category of III and offense level of 16 resulted in a sentencing guidelines range of 27 to 33 months. (Crim. Doc. 44 at p. 4).  The undersigned gave a high end of the applicable guidelines range sentence because it was Balogun's third such federal financial crime and he had already been sentenced to 27 months' imprisonment for his first conviction in 1992 and 15 months' imprisonment for his second conviction in 1995. (<u>Id.</u> at p. 9).

2

providing formal notice of intent to do so and (3) the Court lacked jurisdiction to sentence him because there was no fact finding by a jury.  (Doc. 1).  The government's motion seeks to dismiss Balogun's § 2255 petition because he failed to sign his petition under penalty of perjury as is required by Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings.  (Doc. 5).  In lieu of dismissing on that ground, the Court deems that Balogun's petition "conclusively show[s] that [he] is entitled to no relief," see 28 U.S.C. § 2255, and is thus due to be dismissed without a substantive response from the government.  The dismissal of the § 2255 petition is based on the appeal waiver in Balogun's plea agreement.

An appeal waiver in a plea agreement will be enforced if the government demonstrates either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver.  United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005); United States v. Buchanan, 131 F.3d 1005, 1008 (11th Cir. 1997); United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993).  A voluntary and knowing appeal waiver in a plea agreement precludes a defendant from collaterally attacking his sentence in a § 2255 motion.  See Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) (dismissing a § 2255 petition based on claims of ineffective assistance of counsel because the appeal waiver provision in the plea agreement specifically informed the defendant that he was

waiving a collateral attack on his sentence).

Here, Balogun consented to having his plea taken by United States Magistrate

Judge Monte C. Richardson. (Crim. Doc. 46 at 4). During the plea colloquy, Balogun

unequivocally stated that he understood the appeal waiver provision in the plea

agreement and that it applied to any collateral attack brought against the imposition

of his sentence under 28 U.S.C. § 2255. (Id. at pp. 18-19). During sentencing, the

undersigned likewise advised Balogun that he waived his right to appeal his sentence

directly or collaterally. (Crim. Doc. 44 at pp. 15-16). Thus, the waiver is valid,

squarely applies to the instant § 2255 motion and none of the enumerated exceptions

in the waiver apply.[4]

Even assuming *arguendo* that Balogun's appeal waiver is defective or

inapplicable to the instant § 2255 petition, the substance of the petition is without

merit.[5] [6] Accordingly, it is hereby **ORDERED**:

---

[4]    The undersigned did not upwardly depart above the applicable guidelines range at sentencing, the imposed sentence is not above the statutory maximum and the sentence does not violate the law apart from the sentencing guidelines.

[5]    Balogun appears to raise a challenge to his sentence pursuant to United States v. Booker, 125 S.Ct. 738 (2005). However, he cannot raise a colorable Booker challenge because his sentence was pronounced prior to that decision, and Booker does not apply retroactively to cases on collateral review. Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005).

[6]    Balogun also alleges that the Court lacked jurisdiction to sentence him because the government failed to file an information pursuant to 21 U.S.C. § 851(a)(1) informing him that it sought to increase his punishment by reason of one or more prior convictions. This contention fails for two reasons. First, that statute only applies to

1.      Abiodun Aremu Balogun's Motion to Vacate, Correct, or Modify Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED WITH PREJUDICE**. The Clerk shall enter judgment in favor of the United States and against Abiodun Aremu Balogun, and close the file.

2.      The United States' Motion to Dismiss Balogun's Unsworn Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 5) is **MOOT**.

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of June, 2006.

TIMOTHY J. CORRIGAN
United States District Judge

t.
Copies:
counsel of record, pro se party

---

drug convictions; thus, it is not applicable to convictions under the wire fraud statute. 21 U.S.C. § 851(a)(1). Second, assuming *arguendo* § 851(a)(1) applies to the instant offense, the government does not have to follow the notice requirements in order to use a defendant's prior convictions to enhance a sentence under the sentencing guidelines, so long as the enhanced sentence still falls within the permissible statutory range. Young v. United States, 936 F.2d 533, 536 (11th Cir. 1991); accord United States v. McElroy, 2006 WL 1228707 *3 (11th Cir. May 09, 2006) (unpublished opinion) (citing Young).

5